IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KHALED W. AL-GHADI,
075551530,

        Petitioner,

vs.                                                      Case No. 3:15-cv-01257-DRH

LORETTA LYNCH,
JEFF CHARLES JOHNSON, and
RICARDO A. WONG,[1]

        Respondents,

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Khaled W. Al-Ghadi is currently imprisoned at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). Proceeding *pro se*, he filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued detention.

Petitioner is a native and citizen of Jordan. He entered the United States as a non-immigrant visitor on or about July 18, 1996. On or about May 25, 1999, he became a lawful permanent resident.

Petitioner was convicted of an aggravated felony, in violation of section 237(a)(2)(A)(iii) of the Immigration and Nationality Act.[2] (*See* Doc. 1 at 3.) On May

---

[1] The Clerk will be directed to add the Warden of Pulaski County Detention Center as a respondent. The petition refers to the Warden as a respondent and contains "Warden of Immigration Detention Facility" in its caption.

[2] That section states that "[a]ny alien . . . in and admitted to the United States, shall . . . be removed if the alien . . . is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii).

11, 2015, petitioner was taken into custody by Immigration & Customs Enforcement (ICE). He has remained in custody ever since. Petitioner's custody status was reviewed for the first time on August 4, 2015, and he was ordered to remain in detention. ICE, however, has been unable to effectuate his removal.

Petitioner has cooperated with ICE's efforts to remove him. He has complied with his deportation officer and has been in contact with his embassy in an effort to obtain a travel document, but to no avail.

He asserts that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the "presumptively reasonable period" during which ICE may detain an alien in order to effectuate his removal. The *Zadvydas* ruling also applies to inadmissible aliens, pursuant to the Supreme Court's decision in *Clark v. Martinez*, 543 U.S. 371 (2005). Petitioner's presumptive six-month period has ended. Petitioner claims his removal to Jordan or any other country is not likely to occur in the reasonably foreseeable future. Therefore, he claims, he should be entitled to release from custody. (Doc. 1 at 7.) He also asserts that substantive and procedural due process violations have occurred. (*Id.* at 5-6.)

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[3] of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

However, petitioner has named several respondents who are not proper in a

---

[3] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action brought under § 2241.

§ 2241 action. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" could only name the person who has immediate custody of him during his detention, and not high-level ICE officials or the Attorney General. Accordingly, all defendants (other than the Warden of the Pulaski County Detention Center, who the Clerk will be directed to add to this case) will be dismissed from this case.

## Disposition

**IT IS HEREBY ORDERED** that the Clerk shall **ADD** the Warden of the Pulaski County Detention Center as a respondent in this action.

**IT IS FURTHER ORDERED** that Attorney General Loretta Lynch, Department of Homeland Security Secretary Jeff Charles Johnson, and ICE Field Office Director Ricardo A. Wong are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Pulaski County Detention Center shall answer the petition within thirty days of the date this order is entered.[4] This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court. Service upon the Warden, Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service.

Pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, petition, and this Order to the

---

[4] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, and to send a copy of the letter constituting service, petition, and Order via registered or certified mail to the United States Attorney General in Washington, D.C., and to the United States Department of Homeland Security.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Signed this 13th day of November, 2015.**

Digitally signed by Judge David R. Herndon
Date: 2015.11.13 16:25:11 -06'00'

**United States District Judge**