IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KHALED W. AL-GHADI,**

        Petitioner,

vs.                                             Civil No.  15-cv-1257-DRH-CJP

**WARDEN of DETENTION FACILITY,**

        Respondent.

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

       Petitioner Khaled W. Al-Ghadi filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement (ICE). In response to this Court's recent order, respondent filed a status report stating that petitioner was released from custody on an order of supervision on May 27, 2016. See, Doc. 13.

**Relevant Facts and Procedural History**

       Petitioner alleges that he is a native and citizen of Jordan who became a lawful permanent resident of the United States in 1999. He was convicted of a crime and served a prison sentence. He was taken into ICE custody after he was released from prison, and ordered removed. He waived appeal of the removal order.

       The §2241 petition asserts that petitioner has been held in ICE custody while ICE attempted to procure a travel document from Jordan so that he can be removed. Petitioner asserts that his continued detention by ICE is unlawful under

*Zadvydas v. Davis*, 121 S. Ct. 2491 (2001).

## Analysis

A petition under 28 U.S.C. §2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas,* 121 S. Ct. at 2497-2498.

Under 28 U.S.C. §2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 118 S. Ct. 978, 983 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending still meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, §2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). That is the situation here. The petition did not contest the legality of the underlying removal order. Petitioner has received the relief sought, i.e., release from ICE custody.

## Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1)

is moot.  Therefore, this action is **DISMISSED WITHOUT PREJUDICE**

**IT IS SO ORDERED.**

**DATE:   July 21, 2016**

Digitally signed by
Judge David R. Herndon
Date: 2016.07.21
10:30:16 -05'00'

**United States District Court**